OPINION OF THE COURT
Elliott Golden, J.
The defendants, each convicted after trial of criminal contempt arising out of their refusal to answer questions before a New York County Grand Jury, during the course of a 1968 investigation into the crimes of conspiracy, gambling, extortion and bribery of labor union officials, have appealed to the Appellate Term, First Department. One of the points raised by the defendants in the course of that appeal asserts that their refusal to testify before the Grand Jury was, among other *1044 reasons, predicated on the fact that the Grand Jury’s investigation was "based upon eavesdropping, and is therefore, unconstitutional,” or, put another way, that the investigation was "based upon illegal methods of investigation and is unfair.” They further contend that although the defendants "raised the question of electronic surveillance in the grand jury proceedings * * * no hearing was ever afforded thereon.”
On April 20, 1977, the Appellate Term ordered that the appeal be held in abeyance and that the matter be "remanded to the Criminal Court of the City of New York, County of New York, for a hearing in accordance with article 710 of the Criminal Procedure Law on the issue [of] whether the questioning of the defendants] before the Grand Jury was based on information derived from electronic eavesdropping, and, if so, whether such electronic eavesdropping was under warrants theretofore properly issued.”
At issue before this court is the threshold question: "Who has the burden of proof at the hearing mandated by the Appellate Term?” The People contend that the initial burden is on the defendants to demonstrate that their interrogation before the Grand Jury was tainted by illegality, relying on Alderman v United States (394 US 165). The defendants urge that People v Malinsky (15 NY2d 86) and People v Baldwin (25 NY2d 66) place that burden, in the first instance, upon the prosecution.
The defendants’ reliance upon People v Malinsky (supra) and People v Baldwin (supra) is misplaced. The issue before this court is not quite the same, since, notwithstanding the Appellate Term’s remand to this court, the record is barren of any "sworn allegations of fact,” by or on behalf of the defendants, in the form prescribed in CPL 710.60, which would have entitled them to such hearing, absent such order of remand.
The defendants’ memorandum of law itself establishes this deficiency in alleging that "it is virtually impossible for the defendants to proceed without knowing who the witnesses are; what evidence was used; what investigative techniques were employed; what kind of electronic surveillance was utilized, and so forth.” Obviously they have no facts.
CPL 710.60 (subd 1), provides as follows:
"§ 710.60 Motion to suppress evidence; procedure.
"1. A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with *1045 opportunity to be heard. The motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated. The people may file with the court, and in such case must serve a copy thereof upon the defendant or his counsel, an answer denying or admitting any or all of the allegations of the moving papers.”
It should be noted that CPL article 710 in general is prospective in nature, in that it sets forth procedures and guidelines with respect to the suppression of evidence yet to be offered at a trial, rather than, as is the case here, after the trial and as an adjunct to a pending appeal.
 The burden of proof in a suppression hearing pursuant to CPL article 710 is that stated in People v Malinsky (15 NY2d 86, supra) and People v Baldwin (25 NY2d 66, supra) and more recently in People v Di Stefano (38 NY2d 640, 652): "It is the accused, not the People, who must shoulder the burden of persuasion on a motion to suppress evidence * * * The People have only the burden of going forward to show the legality of the police conduct in the first instance”; however the granting of such a hearing is neither automatic nor mandated without the preliminary showing by the defendant as provided for in CPL 710.60 (subd 1).
The People’s reliance upon Alderman v United States (394 US 165, supra) and United States v Sapere (531 F2d 63) is also inappropriate. Those cases, as does United States v Vielguth (502 F2d 1257), deal with the burden of proof requirements as delineated under a Federal statute, subdivision (a) of section 3504 of title 18 of the United States Code, which has no application to, nor parallel in, this State. Under the Federal statute and case law pertaining thereto, it is the Government’s obligation to affirm or deny the occurrence of electronic surveillance upon the mere assertion that unlawful wiretapping has been used against a party. (Matter of Evans, 452 F2d 1239; United States v Toscanino, 500 F2d 267). See, also, United States v Alter (482 F2d 1016) and United States v Vielguth (supra) where a distinction is made requiring a different and more extensive showing by the aggrieved party *1046 in alleging that questions put to him are tainted by unlawful surveillance of conversations in which he did not participate.
In urging upon this court the adoption of the Alderman v United States (supra) standard, the People would have us adopt a standard which would in the first instance place the initial burden upon the defendant to produce specific evidence demonstrating taint, but thereafter would require the People to shoulder the ultimate burden of persuasion to show that its prosecution was not tainted by illegally procured wiretap information. The placing of the ultimate burden on the People to overcome an order of suppression is contrary to the well-established law in this State (People v Malinsky, 15 NY2d 86, supra; People v Baldwin, 25 NY2d 66, supra; People v Di Stefano, 38 NY2d 640, supra).
The case of People v Cruz (34 NY2d 362) is most analogous to the case at bar: Both before and during the trial the defendant sought disclosure of any evidence of eavesdropping upon Cruz or defense counsel. The only factual allegation in support of defendant’s assertion that wiretap evidence was being used by the prosecution related to the fact that a name mentioned in the People’s summation had previously, and only on that one occasion, been mentioned by defense counsel during the course of a telephone conversation with another party the day before.
As is the case herein, the Court of Appeals (p 368) characterized the defendant’s "initial allegation of eavesdropping * * * as vague, conclusory and unsupported. As such, it barely sufficed to shift to the People the burden of responding.”
Citing United States v Alter (482 F2d 1016, supra), the court went on to outline pertinent guidelines in situations such as presented in the Cruz case, which guidelines have equal application here (pp 269-270):
"Initially, at least, the defendant should have the burden of coming forward with the facts which reasonably lead him to believe that he or his counsel have been subjected to undisclosed electronic surveillance. The defendant’s allegation should be reasonably precise and should specify, insofar as practicable, the dates of suspected surveillance, the identity of the persons and their telephone numbers, and the facts relied upon which allegedly link the suspected surveillance to the trial proceedings * * *.
"Upon a sufficient showing, it is then incumbent upon the People to affirm or deny the allegations. Ordinarily, a denial *1047 should be in affidavit form signed by a responsible official, which in most cases, would probably be the District Attorney or his designate. The People’s affidavit should be reasonably specific, comprehensive and forthright. By way of example, it should specify the appropriate local, State and, if applicable, Federal law enforcement agencies contacted to determine whether electronic surveillance had occurred, the persons contacted, the substance of the inquiries and replies, and the dates of claimed surveillance to which the inquiries were addressed.”
Finally, the court noted, as is the obvious intent of the Appellate Term, herein (p 370): "If appropriate, and this is a matter addressed to the sound discretion of the trial court, a hearing may be conducted”.
Notwithstanding the defendants’ merely bald assertions of electronic eavesdropping and illegal methods of investigation, totally unsupported by any facts which could reasonably have led them to believe that they, or anyone else, had been subjected to undisclosed electronic surveillance and which was used as the basis for their Grand Jury interrogation, the People, by affirmation of Assistant District Attorney Brian Rosner, dated February 24, 1978, deny such assertions. This affirmation specifically and comprehensively identifies former prosecutors and police officers involved with that investigation, and further demonstrates by factual allegations attributable to such named individuals and others that the investigation "was based solely on physical stakeouts”; that the records of the New York County District Attorney’s office regarding electronic surveillance conducted between 1966 and 1968 establish that neither the defendants nor their trucking company were named in any wiretap orders; and finally that only after the New York County investigation terminated was evidence involving the defendants forwarded to the Bronx County District Attorney, who thereafter initiated an investigation in which court authorization for the electronic surveillance of the defendants was obtained. Said affirmation is incorporated into and made part of the proceedings herein.
Accordingly, and on the record herein, the defendants shall have the burden of proving, by clear and convincing evidence, that their questioning before the Grand Jury was based on information derived from electronic eavesdropping and, if so, that such electronic eavesdropping was under warrants not theretofore properly issued.